MoIlvaine, J.
On the foregoing finding of facts, the district court was right in its holding that the land conveyed •by Martin to David Loudenbaek'was subject to the payment of the grantor’s indebtedness. Although no actual fraud was intended by David, and a full consideration was paid by him for the land, nevertheless he, knowing that Martin was insolvent, assumed to pay the claim of the insurance company, which, notwithstanding its mortgage security, was thereby preferred; and although the conveyance was in form absolute, nevertheless a secret trust was created in favor of Martin without any provision for his other creditors. The conveyance was, in fact, in trust to sell and apply the proceeds to the payment of the insurance company’s claim, the claim of the vendee secured by mortgage, and the purchase price of the laud sold by, David to Martin, the balance to be paid to Martin, who, iu the meantime, was to continue in possession of the land. All these dealings between David and Martin were had during the time Poster, a creditor of Martin, was seeking by due process of law to enforce his claim, and resulted in preventing him from obtaining satisfaction of his judgment by ordinary execution. A hindrance and delay of the creditor, caused by the trust assumed by David, constitute a constructive fraud and bring the case within section 6311 of Revised Statutes in relation to “ insolvent debtors.” Jamison v. McNally, 21 Ohio St. 295.
But having decreed the deed void, the district court erred in proceeding to order the sale of the land and directing the payment of Foster’s judgment from the proceeds, &c. There was *207 no notice given of the pendency and object of the suit, as provided in section 6344. Hence, it was the duty of the court, under said section, after declaring the deed to be void, because in fraud of creditors, to cause a copy of its judgment to be certified to the probate court of the county, to the end that a trustee might be appointed to administer the insolvent’s estate. The only authority, under the statutes, for the court declaring a conveyance void as against creditors to proceed to administer the trust, is where such notice has been given. True, the court below found there were no other creditors. That finding may have been true, but it did not conclude anybody. Notice, before the estate can b5 settled, must be given to creditors either in the manner provided in this section, or by the trustee appointed by the probate court. Again, if we could assume that all the creditors of Martin Loudenback were before the district court, the order was not justified, for it appears that David Loudenback wrasthe principal creditor of Martin, whose claims alone were equal to the probable value of the property, so that it was improper to order the payment of any claim of creditors in full, until a sale of the property and proof of claims were made. An account must be taken, and the proportion payable to each creditor ascertained, before payment in full can be ordered. Motion granted, and the judgment of the district court must be modified, in accordance with the views above expressed.

Cause remanded.